



VSDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: **MAR 0 5 2015**

March 4, 2015

Benjamin C. Eggert
202.719.7336
beggert@wileyrein.com

1776 K STREET NW
WASHINGTON, DC 20006
PHONE   202.719.7000
FAX   202.719.7049

7925 JONES BRANCH DRIVE
McLEAN, VA 22102
PHONE   703.905.2800
FAX   703.905.2820

www.wileyrein.com

**VIA ECF & EMAIL TO**
**FORRESTNYSDCHAMBERS@NYSD.USCOURTS.GOV**

The Honorable Katherine B. Forrest
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 1950
New York, NY 10007

Re:   *Continental Casualty Co. v. Marzec Law Firm, P.C., et al.,*
      Case No. 14-cv-5294 KBF

Dear Judge Forrest:

We respectfully submit this letter on behalf of Plaintiff Continental Casualty
Company ("Continental") to request a 90-day continuation of the stay that is in
place in this matter and an adjournment of the status conference scheduled for
March 9, 2015 at 1:00 p.m. Although Continental and others have been diligently
working to bring this case and the underlying matters to a final negotiated
resolution, that effort has been subverted by several third-party judgment creditors'
garnishment actions seeking to intercept the proceeds of the settlement. Defendants
Marzec Law Firm, P.C. (the "Firm"), Darius Marzec and Greenpoint Law
Committee Corp. ("Greenpoint") join Continental's stay request only.

Continental filed this insurance coverage declaratory judgment action regarding the
parties' rights and obligations as to lawyers professional liability policies issued by
Continental to the Firm. (Dkt. No. 1). The Firm and Mr. Marzec have sought
coverage from Continental for two underlying proceedings that arose out of their
representation of 9197-5904 Quebec, Inc. ("Quebec") in connection with Quebec's
post-judgment proceedings against Christopher Kosachuk and alleged
representation against NLG, LLC: (1) the action styled *NLG, LLC v. Darius A.
Marzec, et al.*, No. 2514 (Philadelphia Cnty., Pa.), which asserts a single cause of
action against Mr. Marzec, the Firm, Quebec and others for "wrongful use of civil
proceedings" (the "Wrongful Use Proceeding") and (2) a motion for relief under 11
U.S.C. § 303(i) that is pending in the sealed bankruptcy proceeding styled *In re:*



The Honorable Katherine B. Forrest
March 4, 2015
Page 2

*Christopher Kosachuk*, Case No. 12-16438 (JKF) *SEALED* (the "Sealed Proceeding").[1]

After mediation sessions held on December 11 and 22, 2014, and continued negotiations thereafter, the parties reached an agreement to resolve the Underlying Matters as to Mr. Marzec and the Firm, as well as the coverage dispute between Continental and Mr. Marzec, the Firm and Greenpoint. The document memorializing the settlement (the "Term Sheet") reflected the parties' agreement that Continental would pay certain amounts to resolve the Underlying Matters, subject to specified conditions and contingencies. Quebec—Mr. Marzec's former client whose conduct is also at issue in the Underlying Matters—did not participate in the confidential mediation and is not a signatory to the Term Sheet.

On December 24, 2014—the same day the Term Sheet was executed—two entities purporting to be Kosachuk's and NLG's judgment creditors filed garnishment proceedings in Florida state court against Continental. The Florida garnishment proceedings seek to attach any payments by Continental in connection with the settlement of the Underlying Matters.[2]

On January 13, 2015, the parties to this proceeding filed a joint request asking the Court to continue the stay in place in this coverage action pending documentation of the settlement reflected in the Term Sheet. (Dkt. No. 30). On January 15, 2015, the Court entered an order directing the parties to appear at a status conference on March 9, 2015 if the matter was not resolved by that date. (Dkt. No. 31).

Since the parties' last joint submission, Continental and the other parties to the Term Sheet have worked diligently to complete the settlement of the Underlying Matters. Continental has removed the two garnishment proceedings to the United States District Court for the Southern District of Florida and is seeking to transfer the garnishment proceedings to the United States Bankruptcy Court for the Eastern

---

[1] In light of its sealed status, Continental is disclosing only the most basic facts about the Sealed Proceeding, as permitted under a February 25, 2015 Order issued by United States Bankruptcy Court for the Eastern District of Pennsylvania, which is attached as Exhibit 1.

[2] A third garnishment proceeding also has been filed against Continental, as well as garnishment proceedings against the law firms that participated in the confidential mediation, including the undersigned's firm.



The Honorable Katherine B. Forrest
March 4, 2015
Page 3

District of Pennsylvania (the "Bankruptcy Court"), which is presiding over the
Sealed Proceeding.[3]

In the Bankruptcy Court, counsel for the claimants and Mr. Marzec have made
sealed oral and written motions for the purpose of allowing the settlement process to
move forward. In that regard, pursuant to a February 17, 2015 Order by the
Bankruptcy Court, Continental has interpleaded the funds that are the subject of the
Term Sheet into the registry of the Bankruptcy Court. Continental anticipates that
any challenges to the distribution of the settlement proceeds will be filed in the
Bankruptcy Court. Mr. Marzec is not involved in the garnishment proceedings and
takes no position as to where the proceedings are sited or who is entitled to the
funds.

In the interests of judicial economy and to avoid potentially unnecessary expense,
Continental requests that the Court adjourn the status conference scheduled for
March 9, 2015 and continue the stay that is in place in this action for an additional
90 days. The parties who signed the Term Sheet continue to believe that a
resolution is possible based on the terms reflected in that document, but
implementing those terms will now require the coordination of multiple proceedings
pending in several different courts. Accordingly, there is no reason for moving
forward with the coverage action at this juncture given the highly likely possibility
that the coverage dispute may be rendered moot.

The undersigned counsel has conferred with Mr. Marzec, who is representing the
Firm, Greenpoint and himself in this action. The Firm, Greenpoint and Mr. Marzec
join the request for an adjournment of the status conference and a continuation of
the stay.

Continental appreciates the Court's consideration.

---

[3] The first garnishment proceeding is pending as *SRS Technologies Professional, LLC v. Continental
Casualty Co.*, Case No. 1:15-cv-20178-CMA (S.D. Fla.). The second garnishment proceeding is
captioned *Selective Advisors Group, LLC v. Continental Casualty Co.*, Case No. 1:15-cv-20179-
KMM (S.D. Fla.), although that proceeding was recently dismissed without prejudice and may be
reinstated by Select Advisors Group, LLC, the garnishor.

Case 1:14-cv-05294-KBF   Document 32   Filed 03/04/15   Page 4 of 4



The Honorable Katherine B. Forrest
March 4, 2015
Page 4

Respectfully submitted,

*Benjamin C. Eggert/ace*

Benjamin C. Eggert (admitted *pro hac vice*)
*Lead Counsel for Plaintiff Continental Casualty Company*

cc:     All Counsel of Record (via ECF)

Ordered
Stay continued. Conference adjourned
to 6/12/15 at 11:30 am.

3/5/15        K. B. Forrest
              USDJ